16-3498-cv (L)
United States v. Nassar

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
                     RAYMOND J. LOHIER, JR.,
                             *Circuit Judges*,
                     JOHN F. KEENAN,
                             *District Judge*.*

----------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee*,

       v.                                                  No. 16-3498-cv (L)

ALBERT D. NASSAR, individually and as Trustee of the Nassar Family Irrevocable Trust,

       *Defendant-Appellant*,

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

NASSAR FAMILY IRREVOCABLE TRUST, as nominee for Albert D. Nassar, ALBERT C. NASSAR, ALYSE C. NASSAR, JOHN DOES 1-10,

*Defendants*.

-----------------------------------------------------------------

NASSAR FAMILY IRREVOCABLE TRUST, as nominee for Albert D. Nassar, ALYSE C. NASSAR, ALBERT C. NASSAR, WORLDWIDE MANAGEMENT CONSULTANTS, INC.,

*Plaintiffs*,

ALBERT D. NASSAR, individually and as Trustee of the Nassar Family Irrevocable Trust,

*Appellant*,

v.

No. 17-412-cv (CON)

UNITED STATES OF AMERICA,

*Defendant-Appellee*.*

-----------------------------------------------------------------

FOR APPELLANT:                John P. Gleason, Gleason & Koatz, LLP, New York, NY.

FOR APPELLEE:                 Leigh Wasserstrom, Benjamin H. Torrance, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the

Southern District of New York (Edgardo Ramos, *Judge*).

* The Clerk of Court is directed to amend the official caption as set forth above.

2

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court in 16-3498 is AFFIRMED and the appeal in 17-412 is DISMISSED.[1]

Defendant-appellant Albert D. Nassar appeals principally from a judgment of the District Court (Ramos, J.) that granted summary judgment to the Government, thereby permitting the Government to foreclose its tax liens on the condominium apartment in which Nassar lives.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

There is no genuine dispute that Nassar owes the United States approximately $2.5 million in back taxes and that Nassar's debt has become a lien in the Government's favor upon all of his "property and rights to property, whether real or personal," under 26 U.S.C. § 6321.

New York law recognizes a difference between a "beneficial owner" and a "bare legal title-holding nominee."  See In re Buckley (Wild Oaks Park), 44 N.Y.2d 560, 565–66 (1978).  The District Court employed a fact-specific six-factor nominee test to determine whether Nassar is the beneficial owner of the

---

[1] We are without jurisdiction to consider Nassar's appeal in 17-412, as the notice of appeal was not timely filed.  See Rezzonico v. H & R Block, Inc., 182 F.3d 144, 150-51 (2d Cir. 1999).  Accordingly, that appeal is dismissed.

3

condominium apartment such that the Nassar Family Irrevocable Trust—the holder of legal title to the apartment—is merely his nominee. See id. at 566 (identifying certain specific considerations relevant to the determination of beneficial ownership).

Assessing all of the relevant facts and circumstances, we agree with the District Court, substantially for the reasons set forth in its opinion, that there is no genuine dispute of material fact that Nassar is the beneficial owner of the apartment and that the Trust is his bare legal title-holding nominee as to the apartment. See id. at 565. Nassar's ownership interest in the apartment is therefore "subject to the collection of the taxpayer's tax liability." See LiButti v. United States, 107 F.3d 110, 120 (2d Cir. 1997) (quotation marks omitted). Accordingly, the United States is entitled to foreclose its tax liens on the apartment.

We reject Nassar's various arguments to the contrary. First, he contends that the District Court should not have applied a nominee theory and instead "should have employed the alter ego theory." He provides no legal authority in support of that contention. Nassar also argues that but for an incompetent attorney assisting him with the purchase of the apartment, he never would have

4

personally taken title to the apartment and subsequently transferred that title to the Trust. Instead, he claims, the Trust would have purchased the apartment directly from Trump World Tower. Even if we were to accept the unsubstantiated contention that Nassar never intended to personally hold title to the apartment, we would conclude that, under the totality of the undisputed circumstances, Nassar is the beneficial owner of the apartment and the Trust is his bare legal title-holding nominee.

We have considered Nassar's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court in 16-3498 is AFFIRMED and the appeal in 17-412 is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court